UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY ANN SANGSTER,

       Plaintiff,                          Case No. 10-14769

v.                                       District Judge Bernard A. Friedman
                                         Magistrate Judge R. Steven Whalen

DETROIT COMMUNITY HEALTH
CONNECTION, INC.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Shelly Ann Sangster filed a *pro se* complaint against Detroit Community Health Connection, Inc. on December 1, 2010, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* The case has been referred to the undersigned for all pretrial proceedings, including the preparation of Reports and Recommendations as to dispositive motions, pursuant to 28 U.S.C. §636(b)(1)(B). I recommend that the Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

On December 1, 2010, Plaintiff filed a *pro se* civil complaint with exhibits, totalling 113 pages. On January 11, 2011, the Court granted Plaintiff leave to proceed *in forma pauperis*, relieving her of the obligation to prepay the filing fee. However, the Court denied the request for service by the United States Marshal. [Doc. #5]. More than 120 days passed, and Defendant Detroit Community Health Connection, Inc. was not served.

On May 17, 2011, I issued a show cause order why I should not issue a Report and Recommendation that the Complaint be dismissed without prejudice for failure to serve the

summons and complaint within the time prescribed by Fed.R.Civ.P. 4(m). [Doc. #9]. Plaintiff responded on May 27, 2011, stating that someone in the Clerk's Office misinformed her as to how she could effect service, but that she would serve Defendant "in two weeks." *See* Doc. #10, at 2. On July 25, 2011, Plaintiff filed what she termed an "acknowledgment" by Defendant which consisted of a return receipt for registered mail, signed on June 28, 2011 by an individual named L. Washley at Defendant's listed address. [Doc. #11].

## II. DISCUSSION

An internet search shows that the address on the return receipt [Doc. #11] is the same as the address for Defendant's administrative offices. However, this does not constitute proper service.

First, this attempt at service was very untimely. Plaintiff did not even attempt service by certified or registered mail until more than six months after she filed her complaint, even though she had knowledge that her request for Marshal's service had been denied on January 11, 2011.[1] Under Fed.R.Civ.P. 4(m), service of a complaint and summons must be made within 120 days of issuance of the summons.

Apart from the untimeliness, the method of service was improper. Service of the summons and complaint is governed generally by Fed.R.Civ.P. 4(e), which provides that service may be effected:

"(1) pursuant to the law of the state in which the district court is located, or in which service is effected...; or

(2) by delivering a copy of the summons and of the complaint to the individual

---

[1] Plaintiff claims that the Clerk's Office informed her that Defendant could be served by mail, and that she believed *the Court* would serve Defendants by mail. While she may have misinterpreted or misunderstood what she was told, employees of this Court do not give legal advice. She also claims that she was subjected to "lewd conduct" by a Clerk's Office employee. As this allegation does not bear on the service of process issue, I decline to address it.

personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Here, Plaintiff attempted service under Michigan law. Service on a corporation is governed by M.C.R. 2.105(D), which provides, in pertinent part, that service may be made by:

> (1) serving a summons and a copy of the complaint on an officer or the registered agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation *and* sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation (emphasis added).

There are at least three fatal defects in Plaintiff's attempt at service. First, the Rule requires both personal service on an officer or the registered agent and sending the summons and complaint by registered mail to the principal office of the corporation. In *Bullington v. Corbell*, 2011 WL 3587384, *4 (Mich.App. 2011), the Michigan Court of Appeals held that both prongs of M.C.R. 2.105(D) must be met:

> "With regard to private corporations, the court rules require personal service on an officer, registered agent, director, trustee, or person in charge of an office or business establishment. MCR 2.105(D)(1) and (2). If service is made by serving a summons and copy of the complaint on a director, trustee, or person in charge of an office or business establishment, the plaintiff must also send a summons and complaint 'by registered mail, addressed to the principal office of the corporation.' MCR 2.105(D)(2)."

*See also Vasher v. Kabacinski,* 2007 WL 295006, *2 (E.D.Mich. 2007), holding that under M.C.R. 2.105(D), service on a corporation is allowed (1) "by serving a summons and a copy of the complaint on an officer or the resident agent personally or, (2) alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office *as well as* sending a summons and a copy of the complaint by registered mail." (Emphasis

added).  *But see Reid v. Martinrea Fabco Hot Stampings, Inc.* 2012 WL 479118, *1 (E.D.Mich. 2012) (under M.C.R. 2.105(D), plaintiff could either "personally serve the complaint and summons on an officer or resident agent of the corporation" or, "send copies by registered mail to the corporation's principal office").[2]

In this case, Plaintiff sent *something* to the corporate office (the return receipt says "merchandise"), but even assuming that she sent the complaint and summons, she did not effect personal service on an officer or the resident agent.

Secondly, even if service by certified or registered mail were permitted in lieu of personal service, Plaintiff has not shown that "L. Washley" is the resident agent or an officer of the corporation. Although the mailing was addressed "c/o Mr. Dwayne Bradley, President and CEO," Mr. Bradley did not sign for it. *See Smiley v. Detroit Tigers Baseball Club*, 2001 WL 1388382, *1 (Mich.App. 2001)(leaving summons and complaint with a security guard at defendant's offices was not proper service); *Morden v. Chrysler Corp*., 1998 WL 1997489, *1(Mich.App. 1998) (leaving summons and complaint with a corporate employee not proper service, where it was not shown that the employee was a director or trustee).

Finally, Plaintiff has not even established that she served a summons and complaint by certified or registered mail. Plaintiff's "acknowledgment" is not accompanied by proof of service required by M.C.R. 2.104(A)(3) or Fed. R. Civ. P. 4(l)(1).  While the failure to file a proof of service does not affect the validity of otherwise proper service, *see* M.C.R. 2.104(B) and Rule 4(l)(3), the issue is of particular concern in the present case, given that other than the receipt itself, Plaintiff has provided no statement to the Court that she has served Defendant with the Complaint and Summons.  The return receipt is not checked as

---

[2] As discussed below, Plaintiff has not established that she effected proper service by registered mail.

"certified" or "registered" mail, but rather as a "Return Receipt for Merchandise." I note that although a considerable amount has passed since the purported "service," Defendant has not filed an answer or indicated otherwise that it received actual notice of the lawsuit.

In summary, under the plain language of the M.C.R. 2.105(D), Plaintiff was required to *personally* serve a summons and a copy of the complaint on a "director, trustee or person in charge of the office" in addition to the certified mailing to the corporate office. She was also required to file a certificate of service in this Court. Under Rule 4(m), she was required to effect service within 120 days, and she has not shown good cause for her failure to do so.

### III.  CONCLUSION

For these reasons, I recommend that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The

response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                     s/ R. Steven Whalen  
                                                     R. STEVEN WHALEN  
                                                     UNITED STATES MAGISTRATE JUDGE

Date: March 9, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 12, 2012.

Shelly Ann Sangster                           s/Johnetta M. Curry-Williams  
1152 Holcomb St Apt 103                  Case Manager  
Detroit, MI 48214-2997